IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| R&J CONTRACTOR SERVICES, LLC, | * | |
| Appellant, | * | |
| v. | * | Civil Action No. RDB-22-2101<br>Bankruptcy Case No. 21-18042 |
| BRIAN R. VANCAMP, *et al.*, | * | |
| Appellees. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

The Appellant R&J Contractor Services, LLC ("Appellant" or "R&J") appeals the August 19, 2022 Order of United States Bankruptcy Judge Nancy V. Alquist (ECF No. 2-48) denying its Motion for Relief from Stay for Lack of Adequate Protection, Lack of Equity, and Infeasibility of Reorganization (the "Motion," ECF No. 2-4), following an automatic stay invoked by Appellee Brian R. Vancamp's ("Appellee" or "Vancamp") Chapter 13 bankruptcy petition. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which extends jurisdiction to the United States District Courts to hear appeals from the final judgments, orders, and decrees of the United States Bankruptcy Courts. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R. Bankr. P. 8019(b)(3); *see also* Local Rule 105.6 (D. Md. 2021). For the reasons stated herein, the August 19, 2022 Order of United States Bankruptcy Judge Nancy V. Alquist is REVERSED and REMANDED, as the Bankruptcy Court's finding of adequate protection

lacked an independent evaluation of the market value of the property securing Appellant's claim.

## BACKGROUND

On April 12, 2021, Appellant R&J obtained a final judgment from the Circuit Court for Baltimore County for an *in personam* money judgment against Appellee Vancamp and a Final Mechanic's Lien[1] on Vancamp's home (the "Property") in the amount of $61,499.54, plus costs and post-judgment interest. (R&J Proof of Claim, ECF No. 2-7; *see* ECF No. 3 at 5; ECF No. 4 at 9.) This judgment was obtained as a result of work that R&J performed on the Property (ECF No. 3 at 5) following a fire that "severely damaged" the Property (ECF No. 4 at 5). According to R&J, and undisputed by Vancamp, the Property was insured at the time of the fire and Vancamp received $163,000 under the insurance policy. (ECF No. 3 at 5.) However, the Property was not insured at any point thereafter. (ECF No. 4 at 10.)

A Sheriff's sale had been scheduled on the Property for January 6, 2022, pursuant to a Writ of Levy and Sale.[2] (ECF No. 3 at 5.) However, on December 30, 2021, Appellee filed a Chapter 13 bankruptcy petition (Case No. 21-18042) in the United States Bankruptcy Court for the District of Maryland. (ECF No. 2-2.) This invoked an automatic stay, pursuant to 11 U.S.C. § 362, halting plans for the sale. (ECF No. 3 at 5.)

---

[1] "A mechanic's lien is a statutorily created remedy against improved property on which work has been done or materials have been supplied." *Brendsel v. Winchester Const. Co.*, 162 Md. App. 558, 580, 875 A.2d 789, 802 (2005), *aff'd*, 392 Md. 601, 898 A.2d 472 (2006)
[2] A Sheriff's sale is "[a] forced sale of real property" to accomplish satisfaction of a judgment, in which "[t]he court does not direct what shall be levied or sold, or how the sale shall be made," but rather is conducted by a sheriff. *Goldberg v. Frick Elec. Co.*, 363 Md. 683, 692–93, 770 A.2d 182, 187–88 (2001).

2

On January 7, 2022, R&J filed a Proof of Claim.  (Proof of Claim, ECF No. 2-7.) Thereafter, on June 9, 2022, R&J filed a Motion for Relief from Stay for Lack of Adequate Protection, Lack of Equity, and Infeasibility of Reorganization.  (ECF No. 2-4.)  In the Motion, R&J alleged that the Property had been assessed in the amount of $71,500 (*see* ECF No. 2-5), but that the assessment was misleading based on Vancamp's "testimony at his section 341 meeting," in which Vancamp stated that "there is no use and occupancy permit for the Property."  (ECF No. 2-4, ¶ 4.)  Despite this, Vancamp and his family continue to occupy the premises.  (ECF No. 3 at 7.)  The Motion also noted that the Property is not insured.  (ECF No. 2-4, ¶ 5.)  Although R&J acknowledged that it was "oversecured as of the date of the petition," it also stated that it would "likely be undersecured" once liquidation or sale expenses were taken into account.  (*Id.* ¶¶ 11, 12.)  In addition, the Motion stated that "[n]o payments have been made on the Judgment."  (*Id.* ¶ 7.)

The Bankruptcy Court scheduled a hearing on the Motion on July 7, 2022.  (ECF No. 3 at 5; ECF No. 4 at 5.)  However, counsel for R&J untimely filed one exhibit to the Motion, resulting in counsel for Vancamp being unable to access the exhibit at the time of the hearing.  (Transcript of July 7, 2022 hearing, ECF No. 2-34 at 12:03–08.)  On this basis, the Bankruptcy Court continued the hearing until August 5, 2022.  (*Id.*; Bankruptcy Docket, ECF No. 40.)

At the August 5, 2022 hearing, Vancamp objected to the $71,500 valuation cited by R&J, contending that "SDAT [Maryland State Department of Assessments and Taxation] valuations and assessments are not evidence of fair market value in a bankruptcy proceeding."  (Transcript of August 5, 2022 hearing, ECF No. 2-42 at 9:17–23.)  Instead, Vancamp argued

3

that the Bankruptcy Court should be guided by a Zillow valuation,[3] which valued the Property at $187,000. (*Id.* at 10:01–03.) Subsequently, Vancamp testified that the market value of the Property "would be about $160,000" (*id.* at 31:02), which he explained was based on his knowledge that "houses around the neighborhood go for around that price as well, about 160" (*id.* at 31:12–14), in addition to the value of the prior insurance policy (*id.* at 31:12–22). Vancamp also conceded that Property was uninsured as of the time of the hearing. (*Id.* at 30:16–21.)

The Bankruptcy Court denied R&J's Motion by oral ruling. (*Id.* at 44:01–48:03.) As grounds for its decision, the Bankruptcy Court explained that R&J was adequately protected by virtue of its status as an over-secured creditor, based both on the SDAT valuation and Vancamp's testimony as to his understanding of the market value of the Property. (*Id.* at 45:03–46:01.) The Bankruptcy Court acknowledged that it was unknown whether either valuation took into account the absence of a use and occupancy permit. (*Id.* at 22:14–22.) However, the Bankruptcy Court stated that "the valuation that carries the most weight here today is Mr. Vancamp's valuation." (*Id.* at 45:24–46:01.) In addition, the Bankruptcy Court noted that Vancamp's modified Chapter 13 Plan included a payment of "$100 a month for adequate protection" (*id.* at 46:17–22), though it "has not come up before the Court for confirmation at this juncture" (*id.* at 47:08–12.)

---

[3] "Zillow is a commercial website that provides, among other things, an estimated market value for many residential properties. *See* www.zillow.com." *Chaudry v. Chaudry*, No. 1794, Sept. term, 2019, 2021 WL 2910977, at *9 n.7 (Md. Ct. Spec. App. July 12, 2021).

4

On August 19, 2022, the Bankruptcy Court filed the Order denying R&J's Motion for Relief from Stay.  (ECF No. 2-44.)  R&J filed its Notice of Appeal the same day.  (Notice of Appeal, ECF No. 1.)

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure.  On appeal from the United States Bankruptcy Court, this Court acts as an appellate court and reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*.  *In re Merry–Go–Round Enterprises, Inc.*, 400 F.3d 219, 224 (4th Cir. 2005); *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001).  A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  An abuse of discretion standard applies in the review of the Bankruptcy Court's denial of a motion to lift an automatic stay under 11 U.S.C. § 362.  *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) ("A decision to lift the automatic stay under section 362 of the Code is within the discretion of the bankruptcy judge and this decision may be overturned on appeal only for abuse of discretion."), *as amended* (May 27, 1992).  "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decision-maker's judgment that the court does not reverse merely because it would have come to a different result in the first instance."  *Evans v. Eaton Corp. Long Term Disability Plan,* 514 F.3d 315, 322 (4th Cir. 2008) (citation omitted).  The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings.  *See* Fed. R. Bankr. P. 8013; *see also In re White*, 128 F.

App'x 994, 999 (4th Cir. 2005); *Suntrust Bank v. Johnson,* 2006 U.S. Dist. LEXIS 87622, at *6, 2006 WL 3498411 (D. Md. Dec. 4, 2006).

"[T]he decision of a bankruptcy court 'must be affirmed if the result is correct' even if the lower court relied upon 'a wrong ground or gave a wrong reason.'" *Okoro v. Wells Fargo Bank, N.A.*, 567 B.R. 267, 271 (D. Md. 2017) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 88 (1943)). However, this Court may reverse the Bankruptcy Court's decision if the Court "holds a definite and firm conviction that the bankruptcy court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *In re Yankah*, 514 B.R. 159, 163–64 (E.D. Va. 2014).

**ANALYSIS**

As noted above, this Court reviews the Bankruptcy Court's denial of R&J's Motion for Relief from Stay under an abuse of discretion standard. *See In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992). R&J primarily rests its appeal on its assertion that the Bankruptcy Court erred in denying the Motion based on its finding that R&J was adequately protected.

"When a bankruptcy petition is filed, most judicial actions against the debtor commenced before the filing of the petition are automatically stayed." *In re Robbins*, 964 F.2d at 345; see 11 U.S.C. § 362(a)(1). "The automatic stay gives the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations." *Id.* Pursuant to § 362(d)(1), a bankruptcy court may lift the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." To determine when discretionary relief is appropriate, the bankruptcy court "must balance potential prejudice to

6

the bankruptcy debtor's estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied." *In re Robbins*, 964 F.2d at 345.

Adequate protection is determined on a case-by-case basis. *Id.* "The concept of adequate protection was designed to 'insure that the secured creditor receives the value for which he bargained.'" *In re Martin*, 761 F.2d 472, 474 (8th Cir. 1985) (quoting S. Rep. No. 989, 95th Cong., 2d Sess. 53, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5839) (emphasis removed). The party requesting relief from stay has "the initial burden of proving cause exists for such relief, including lack of adequate protection." *In re Flint*, 640 B.R. 869, 876 (Bankr. D.S.C. 2022).

The question before this Court is whether the Bankruptcy Court erred in concluding that R&J's interest was adequately protected despite the lack of insurance on the Property.[4] The Court is unaware of precedent addressing this issue by the United States Court of Appeals for the Fourth Circuit. However, district and bankruptcy courts within this circuit have determined that "a lack of insurance on the property . . . is [an] indication that the property interest is not adequately protected." *In re McCullough*, 495 B.R. 692, 696 (W.D.N.C. 2013); *accord In re Hardison*, No. 2:06-BK-20225, 2020 WL 1547906 (Bankr. S.D.W. Va. Mar. 31, 2020) (citing *In re McCullough*, 495 B.R. at 696); *see also In re Fisher*, No. 14-61076, 2014 WL 5799592,

---

[4] R&J presents two other issues to the Court: (1) whether the Bankruptcy Court erred in rejecting the Motion based on R&J's contention that Vancamp prosecuted the case in bad faith; and (2) whether the Bankruptcy Court erred in failing to make findings within 30 days of filing the Motion, based on its continuance of the hearing until August 5, 2022. (*See* ECF No. 3 at 4.) However, because the Court concludes that the Bankruptcy Court's determination of adequate protection was based on an inadequate valuation of the Property, and this issue was the substantial focus of Appellant's brief, the Court need not reach the remaining questions. *See, e.g., In re Wallace & Gale Co.*, 72 F.3d 21, 25 (4th Cir. 1995) ("Because our resolution of this case does not require us to rule on the adequacy of the Claimants' appeal notice, we do not reach this question.").

at *5 (Bankr. W.D. Va. Nov. 7, 2014) (finding a lack of adequate protection where the creditor's "interest in his collateral is presently completely without insurance coverage, and the Debtor testified he is unable to obtain insurance on his own."); *In re Radden*, 35 B.R. 821, 827 (Bankr. E.D. Va. 1983) (stating that the court would be satisfied that the creditor would be adequately protected if the debtor "procure[d] adequate insurance on the property").

Courts in other circuits have reached the same conclusion. *See In re Barger*, No. CV 20-1993, 2020 WL 4504443, at *3 (E.D. Pa. Aug. 5, 2020) ("Bankruptcy courts have held that lack of property insurance can provide cause for lifting a bankruptcy stay under § [362(d)]."); *In re Pinto*, 191 B.R. 610, 612 (Bankr. D.N.J. 1996) ("A secured creditor lacks adequate protection if there is a threat that the value of the property may decline. A threat of decline exists when there is a failure to maintain property insurance.") (internal citations omitted), *abrogated on other grounds by In re Mendez*, 255 B.R. 143 (Bankr. D.N.J. 2000); *In re Jones*, 189 B.R. 13, 15 (Bankr. E.D. Okla. 1995) (same); *In re Elmira Litho, Inc.*, 174 B.R. 892, 902 & n.9 (Bankr. S.D.N.Y. 1994) (concluding that a secured creditor lacks adequate protection if the value of its collateral is declining, or there are threats of decline, as a result of a stay, and noting that "[s]uch 'threats' include the failure to maintain property insurance or the failure to keep the property in a good state of repair."); *In re Clayburn*, 112 B.R. 434, 435 (Bankr. N.D. Ala. 1990) ("The Court takes judicial notice that automobile property-damage insurance is needed . . . to avoid objections to chapter 13 plans as not providing adequate protection of the lienholders'

property interests and, therefore, not proposed in good faith.").[5] Accordingly, the Court is satisfied that a lack of insurance *may* form the basis for cause under § 362(d)(1).

However, this should not be taken to mean that insurance is required to find adequate protection in all circumstances. Indeed, the Bankruptcy Code provides courts with flexibility in reaching a determination as to adequate protection. *See In re Rogers Dev. Corp.*, 2 B.R. 679, 683 (Bankr. E.D. Va. 1980) ("In considering the issue of adequate protection the Court notes that the phrase "adequate protection" is not defined in [§] 362 or in any other section of the Bankruptcy Code. Instead [§] 361 of the Bankruptcy Code offers three non-exclusive methods of providing adequate protection to an entity with an interest in property of the debtor."). Thus, the Court must determine whether the Bankruptcy Court's determination that adequate protection existed, in the absence of insurance, was clearly erroneous.

The crux of the Bankruptcy Court's finding, and Vancamp's argument before this Court, is that despite his lack of insurance, R&J's interest is adequately protected because it is an over-secured creditor. (*See* ECF No. 2-42 at 45:03–46:01; ECF No. 4 at 9.) R&J agrees that "its collateral subject to the lien at present exceeds the current debt as of the hearing date." (ECF No. 3 at 5–6.) However, R&J contends that cause exists to modify the automatic stay "regardless of any claim that the creditor is otherwise over-secured." (ECF No. 3 at 9.)

---

[5] This is not to say that courts have been uniform on this issue. In *Gan B, LLC v. Sims*, 575 B.R. 375, 389 (N.D. Ill. 2017), "the Court perceive[d] no legal error in the Bankruptcy Court's determination that [Appellant] is adequately protected despite [Appellee's] failure to . . . carry property insurance." However, the case is distinguishable from the one at bar. In *Gan B*, the court was satisfied that the creditor had adequate protection based on "the proposition . . . that a tax purchaser is generally adequately protected by the sale-in-error doctrine." *Id.* at 388. Appellant is not a tax purchaser, so the sale-in-error doctrine does not apply.

9

Both the Bankruptcy Court's determination and Vancamp's present argument as to adequate protection appear to rely on the "equity cushion" doctrine. "Under the 'equity cushion' theory, if a debtor has equity in a property sufficient to shield the creditor from either the declining value of the collateral or an increase in the claim from accrual of interest or expenses, then the creditor is adequately protected." *In re James River Assocs.*, 148 B.R. 790, 796 (E.D. Va. 1992) (first citing *In re Kost*, 102 B.R. 829, 831 (D. Wyo. 1989); then citing *In re Lane*, 108 B.R. 6, 7 (Bankr. D. Mass. 1989)). However, to make a finding of adequate protection, "the amount of the debt and the value of the property must be determined to establish whether an equity cushion in fact exists." *In re Rogers Dev. Corp.*, 2 B.R. at 683. "Case law has almost uniformly held that an equity cushion of 20% or more constitutes adequate protection . . . [and] has almost as uniformly held that an equity cushion under 11% is insufficient to constitute adequate protection . . . . Case law is divided on whether a cushion of 12% to 20% constitutes adequate protection . . . ." *Suntrust Bank v. Den-Mark Const., Inc.*, 406 B.R. 683, 700 n.24 (E.D.N.C. 2009) (quoting *In re James River Assocs.*, 148 B.R. at 796).

The Fourth Circuit weighed in on this issue in the case of *In re Snowshoe Co., Inc.*, 789 F.2d 1085 (4th Cir. 1986). There, the Court considered whether a creditor's interest was adequately protected by "a supposed equity cushion between the amount of [the creditor's] interest and the value of the estate" securing the creditor's claim. *Id.* at 1088. The Court found that "an equity cushion was properly determined" based on the district court's "independent evaluation[,] required by the [Bankruptcy] Code," to determine the value of the estate. *Id.* at 1089. In its evaluation, the district court considered a bankruptcy judge's "extensive inquiry" into the valuation, in addition to "a variety of other evidence, including the debtor's schedules

10

listing fair market value of assets," "financial statements from the two previous years," "the trustee's report," and the creditor's claim as to the value. *Id.*[6]

Here, the Bankruptcy Court neither engaged in an independent evaluation as to the value of the Property securing R&J's claim, nor did it make a finding as to the amount of the equity cushion. Thus, the Bankruptcy Court's determination of adequate protection was based on an inadequate valuation of the Property, particularly in light of the lack of a use and occupancy permit. *See In re Snowshoe Co., Inc.*, 789 F.2d 1085, 1088 (4th Cir. 1986) (concluding that "a judicial determination" of adequate protection "is a question of fact rooted in measurements of value and the credibility of witnesses" and therefore subject to the clearly erroneous standard).

Accordingly, the Bankruptcy Court's Order denying the Motion is REVERSED and REMANDED with instructions to conduct an independent evaluation of the equity cushion relied upon for its judgment, or, in the alternative, to make a determination as to the need for insurance in light of the tenuous calculation of market value.

## **CONCLUSION**

For the reasons stated above, the Court concludes that the Bankruptcy Court abused its discretion in denying Appellant's Motion for Relief from Stay. Accordingly, the August 19, 2022 Order of United States Bankruptcy Judge Nancy V. Alquist is REVERSED and this case

---

[6] The *In re Snowshoe* Court acknowledged that "some courts have found that the existence of an equity cushion is sufficient to demonstrate adequate protection while others have held that such a cushion is part of the bargained for consideration and cannot in itself protect the secured creditor," but concluded that it need not decide "f an equity cushion alone would constitute sufficient protection" because "the district court's determination of adequate protection . . . was supported by both an equity cushion and the well-reasoned financial analysis of the trustee." *In re Snowshoe Co., Inc.*, 789 F.2d 1085, 1090 (4th Cir. 1986).

11

is REMANDED with instructions to conduct an independent evaluation of the equity cushion relied upon for its judgment, or, in the alternative, to make a determination as to the need for insurance in light of the tenuous calculation of market value.

    A separate Order follows.

Dated:       April 6, 2023

                                               /s/
                                       Richard D. Bennett
                                       United States District Judge